UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

Tony Griffin, and all
similarly situated individuals,

**09-81406-Civ-MARRA/JOHNSON**

Plaintiff,

v.

Phil's Auto Body dba Maaco
Collision Repair &Auto Painting,
A Florida Corporation,

Defendant.
_____/

## COMPLAINT

Plaintiff, Tony Griffin ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, Phil's Auto Body dba Maaco Collision Repair &Auto Painting, ("Defendant") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Palm

1

Beach County, Florida.

4. At all times material hereto Defendant, Phil's Auto Body dba Maaco Collision Repair &Auto Painting was, and continues to be a Florida Corporation. Further, at all times material hereto, Defendant, Phil's Auto Body dba Maaco Collision Repair &Auto Painting was, and continues to be, engaged in business in Palm Beach County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross revenue of Defendant, Phil's Auto Body dba Maaco Collision Repair &Auto Painting, was in excess of $500,000.00 per annum during the relevant time periods.

9. The additional persons who may become Plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rates for their hours worked in excess of forty (40) hours.

10. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

2

## STATEMENT OF FACTS

12. On or about September 1, 2004, Plaintiff was hired by Defendant. Plaintiff's duties primarily involved detail and prepare cars to be painted.

13. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

14. From at least September 1, 2004 and continuing through March 10, 2009, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

15. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to the Plaintiff are in the possession and custody and control of Defendant.

16. Defendant has violated Title 29 U.S.C. §207 from at least September 1, 2004 and continuing through March 10, 2009, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the

3

FLSA.

17. Plaintiff has retained the law firm of ROSENTHAL, LEVY & SIMON, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

18. Plaintiff re-alleges and reavers paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. From at least September 1, 2004 and continuing through March 10, 2009, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

20. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

21. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

22. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

23. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

24. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

4

25. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, Phil's Auto Body dba Maaco Collision Repair &Auto Painting:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due him for Plaintiff's time worked in excess of forty (40) hours per work week;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest; and

   f. Ordering any other further relief the Court deems just and proper.

**COUNT II**
**OVERTIME COMPENSATION**
**29 U.S.C. §216(b) – STATUTORY COLLECTIVE ACTION**

26. Plaintiff realleges and incorporates paragraphs 1 through 25 of the Complaint as if fully set forth herein and further alleges as follows:

27. Plaintiff brings this count on behalf of himself and other employees and former employees of Defendant similarly situated for overtime compensation and other relief pursuant to the FLSA.

5

28. The additional persons who may become Plaintiffs in the action are non-exempt employees of Defendant who worked and, in some instances, continue to work in excess of forty (40) hours during a work week and who were not paid one and one-half times their regular rates of pay for the hours they worked in excess of forty hours as mandated by 29 U.S.C. §207.

29. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

30. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were paid straight time and expected to work in excess of forty (40) hours per week without being paid at the rate of one and one-half times their regular rates of pay for those hours exceeding forty (40) hours per week.

31. Records, if any, concerning the actual number of hours worked by Defendant's employees and former employees and the actual compensation paid to Defendant's employees and former employees similarly situated to Plaintiff are in the possession, custody and control of Defendant.

32. All similarly situated employees are owed their overtime rates for each overtime hour that they worked, but were not paid at the statutory rate of one and one-half times their regular rate of pay.

33. Due to the intentional, willful and unlawful acts of Defendant, all similarly situated employees have suffered damages and will continue to suffer damages and incur attorney's fees and costs.

6

34. As a direct and proximate result of Defendant's willful disregard of the FLSA, all similarly situated employees are entitled to liquidated damages in an equal amount to the amount by which each similarly situated employee or former employee has been damaged.

WHEREFORE, those similarly situated employees and former employees who have or will opt into the action demand that judgment be entered against Defendant, Phil's Auto Body dba Maaco Collision Repair &Auto Painting:

   a. Declaring, pursuant to 29 U.S.C. §207, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiffs overtime compensation due them for hours worked by them but for which they have not been properly compensated;

   c. Awarding Plaintiffs liquidated damages;

   d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiffs pre-judgment interest; and

   f. Ordering any other further relief the Court deems just and proper.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 17th day of September, 2009.

        Respectfully submitted,

        **ROSENTHAL, LEVY & SIMON, P.A.**
        1645 Palm Beach Lakes Blvd., Suite 350
        West Palm Beach, Florida 33401
        Telephone: (561) 478-2500
        Facsimile: (561) 478-3111
        Email: aaronson@rosenthallevy.com

        _____
        ALAN M. ARONSON, ESQ.
        Florida Bar No.: 895997

09-81406-Civ-MARRA/JOHNSON

Case 9:09-cv-81406-KAM Document 1 Entered on FLSD Docket 09/18/2009 Page 9 of 9

FILED by ROB D.C.
ELECTRONIC
Sept. 18, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re_____ by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of _____ the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C_____**

## I. (a) PLAINTIFFS
Tony Griffin, and all similarly situated individuals

**DEFENDANTS**
Phil's Auto Body dba Maaco Collision Re_____
Florida Corporation,

**(b)** County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan M. Aronson, Esq., Rosenthal, Levy & Simon, P.A.
1645 Palm Beach Lakes Blvd., Suite 350
West Palm Beach, FL 33401; (561) 478-2500

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV81406 KAM/LRS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act / ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Unpaid wages pursuant to the FLSA, 29 U.S.C. Sect. 201 et seq.

LENGTH OF TRIAL via 3-5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD  DATE 9/17/09

**FOR OFFICE USE ONLY**

AMOUNT 350   RECEIPT # 126322   IFP