UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81406-CIV-MARRA

TONY GRIFFIN and all similarly situated
individuals,

Plaintiff,

vs.

PHIL'S AUTO BODY d/b/a Maaco Collision
Repair & Auto Painting, a Florida corporation,
and PHILIPPE AUGUSTIN, an individual,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Summary Judgment (DE 27). No response to the motion has been filed.[1] The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

The facts, as culled from affidavits and answers, and reasonably inferred therefrom in a light most favorable to Defendants, for the purpose of this motion, are as follows:[2]

---

[1] Counsel withdrew from representing Defendants and the Court ordered Defendant Phil's Auto Body to obtain new counsel by September 13, 2010. (DE 20.)  On November 1, 2010, the Court issued a Notice of Summary Judgment pursuant to Griffith v. Wainwright, 772 F.2d 822, 824 (11th Cir. 1988). (DE 29.)

[2] Defendants did not controvert Plaintiff's statement of fact.  Pursuant to Local Rule 7.5(d), "all material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 7.5(d).

Plaintiff Tony Griffin ("Plaintiff") was employed by Defendants Phil's Auto Body ("Phil's Auto") and Philippe Augustin ("Augustin") (collectively, "Defendants") for nearly five years between September 1, 2004 and March 10, 2009. (Griffin Aff. ¶ 4; Compl. ¶ 14.) Defendants are engaged in the business of painting cars and repairing minor body damage to cars. (Griffin Aff. ¶ 5.) Plaintiff's job title was car detailer. (Griffin Aff. ¶ 6.) His duties were to detail and prepare the vehicles to be painted. (Griffin Aff. ¶ 7.) He worked more than 40 hours in a given work week in the preceding three year period. (Griffin Aff. ¶¶ 3, 13.) Plaintiff's work schedule was Monday through Saturday. (Griffin Aff. ¶ 9.) He was scheduled to work from 8:00 a.m. to 5:00 p.m., Monday through Friday, and he did not take a lunch break. (Griffin Aff. ¶ 10.) He was also scheduled to work on Saturday from 9:00 am to 1:00 pm, during which time he also did not take a lunch break. (Griffin Aff. ¶ 11.) From Monday through Friday, on four of the five days, he would work until 6:00 p.m. (Griffin Aff. ¶ 12.) He worked 49 hours from Monday to Friday and worked an additional four hours of overtime on Saturday. (Griffin Aff. ¶ 13.) Plaintiff's rate of pay was $12.00 per hour and he was paid his hourly rate for forty hours of work per week. (Griffin Aff. ¶ 15.) Plaintiff was not paid overtime compensation for hours worked over forty in a given work week. (Griffin Aff. ¶ 16.) He was paid $60.00 cash for working on Saturdays. (Griffin Aff. ¶ 17.)

During the period of Plaintiff's employment, Augustin was in the facility every day. (Griffin Aff. ¶ 18.) Augustin was the sole owner of Phil's Auto and was present in the shop on a daily basis. (Griffin Aff. ¶¶ 18-19.) Augustin's duties were to oversee the daily operations of the company. (Griffin Aff. ¶ 20.) He was the person who hired and fired employees. (Griffin Aff. ¶ 21.) In fact, Augustin hired and fired Plaintiff and set Plaintiff's work schedule. (Griffin Aff. ¶¶

2

22-24.) Augustin also set Plaintiff's rate of pay. (Griffin Aff. ¶ 25.) When Plaintiff worked on Saturdays, Augustin was the person who paid Plaintiff $60.00. (Griffin Aff. ¶ 26.)

Previously, Defendants paid Plaintiff overtime, and then stopped. (Griffin Aff. ¶ 27.) When Plaintiff complained he was not receiving overtime, he was told that he was lucky to have a job and that if he did not like working overtime, he could find another job. (Griffin Aff. ¶¶ 28-29.) Defendants told Plaintiff they could not afford to pay overtime and that they refused to pay the overtime, but never told him that he was not entitled to receive overtime. (Griffin Aff. ¶ 31.)

Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. (Compl. ¶ 8; Answer ¶ 8.) The annual gross revenue of Defendants is in excess of $500,000 per annum during the relevant time periods. (Compl. ¶ 8; Answer ¶ 8.) Plaintiff was "engaged in commerce" within the meaning section 6 and 7 of the Fair Labor Standards Act ("FLSA"). (Compl. ¶ 5; Answer ¶ 5.) Plaintiff was an "employee" of Defendants within the meaning of the FLSA. (Compl. ¶ 6; Answer ¶ 6.)

Plaintiff moves for summary judgment, claiming that (1) Defendants are liable to Plaintiff for unpaid overtime and (2) Defendants are liable to Plaintiff for liquidated damages and willful violations of the FLSA.

<u>II. Summary Judgment Standard</u>

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary,

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

  After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A) and (B).

  Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

4

III.  Discussion

Plaintiff argues that he is entitled to summary judgment on his claims against Defendants for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207. Plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that he is an employee engaged in commerce or employed by an "enterprise" engaged in commerce; 3) that Defendants failed to pay the minimum wage required by the FLSA; and 4) he is owed the amount claimed by a just and reasonable inference. See 29 207(a)(1); Petasne v. La Cucina & Bakery, LLC, No. 6:07-cv-1280-Orl-31DAB, 2008 WL 2157036, at * 1 (M.D. Fla. 2008).

First, Plaintiffs must establish the existence of an employment relationship. See 29 U.S.C. § 207(a)(1). An employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To determine whether an individual is an employer under the FLSA, the Court should examine the "economic reality" of the relationship between the parties. Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir.1997). The Court may look to several factors, including whether the alleged employer "1) had the power to hire and fire the employees; 2) supervised and controlled the employees' work schedules or conditions of employment; 3) determined the rate and method of payment; and 4) maintained employment records."  Id.  Significant operational control of a "corporation's day-to-day operations, including compensation of employees," gives rise to a finding that the employer standard under the FLSA is met. Patel v. Wargo, 803 F.2d 632, 638 (11th Cir.1986) "To be personally liable, [that individual] must be either involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id.

5

The undisputed facts overwhelmingly establish that Augustin is individually liable as an employer for the FLSA violations. Augustin was the sole owner of Phil's Auto body and was in the facility every day, overseeing the daily operations of the company. He was the individual who hired and fired employees, including Plaintiff. Furthermore, he set Plaintiff's work schedule and his rate of pay and paid Plaintiff cash when Plaintiff worked on Saturdays. These duties clearly reflect Augustin's day-to-day control over Phil's Auto and thus meet the standard for individual liability set forth by the Eleventh Circuit in Villarreal and Patel.

Second, Plaintiff must establish that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce. See 29 U.S.C. § 207(a)(1). It is undisputed that Plaintiff was employed at Phil's Auto between September 2004 and March 2009. The FLSA requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage. Thorne v. All Restoration Svcs., Inc., 448 F.3d 1264, 1265 (11th Cir.2006); Powell v. Morton Plant Mease Health Care, Inc., 174 Fed. Appx. 520, 521 (11th Cir.2006); Alonso v. Garcia, 147 Fed. Appx. 815 (11th Cir.2005) citing Dunlop v. Indus. America Corp., 516 F.2d 498 (5th Cir.1975).[3] While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. See Donovan v. Weber, 723 F.2d 1388, 1391-92 (8th Cir.1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); see also Birdwell v. City of Gadsden, 970 F.2d 802, 807-08 (11th Cir.1992) (under the FLSA, "[i]t is for the court to determine if a set of

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

facts gives rise to liability"); Patel v. Wargo, 803 F.2d 632, 634 (11th Cir.1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

To qualify for enterprise coverage, Defendants must "ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i) and (ii). The phase "engaged in commerce" is interpreted broadly and liberally. Alonso, 147 Fed. Appx. at 816 citing Brennan v. Wilson Bldg., Inc., 478 F.2d 1090 (5th Cir.1973). Defendants have admitted that Phil's Auto annual sales volume exceeded $500,000.00. Moreover, Plaintiff has met the remaining prong of the enterprise test. For enterprise coverage to apply, the goods must have moved in commerce at some time; they do not have to be currently moving in commerce. Brennan v. Greene's Propane Gas Serv., Inc., 479 F.2d 1027, 1030-31 (5th Cir.1973) (reasoning that it is sufficient if goods moved in commerce at some point in the past). It is a reasonable inference to assume that some of the goods used by Phil's Auto Body moved in interstate commerce before they were delivered there by local vendors. See Brauchle v. Southern Sports Grill, Inc., No. 07-80279-CIV, 2008 WL 4500668, at * 5 (S.D. Fla. Oct. 1, 2008); Thompson v. Robinson, Inc., No. 6:06-cv-771-Orl-19JGG, 2007 WL 2714091, at *3 (M.D. Fla. 2007).

Plaintiff must establish that Defendants failed to pay the overtime wage required by the FLSA and that he is owed the amount claimed by a just and reasonable inference. See 29 U.S.C. § 207(a)(1). The only evidence before the Court regarding the amount of work performed by

7

Plaintiff and the wages paid to Plaintiff by Defendants is presented by Plaintiff's affidavit filed in connection with his summary judgment motion. Significantly, Defendants have failed to come forward with any evidence of the "precise amount of work performed" by Plaintiff or "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). Under these circumstances, "the court may [ ] award damages to the employee, even though the result is only approximate." Id. Where the plaintiff has presented sufficient evidence of the wages the defendants failed to pay under the FLSA, the defendants cannot avoid liquidated damages, unless they meet their burden of proving that the FLSA violation was in good faith and predicated upon reasonable grounds. Liquidated damages are mandatory absent a showing of good faith. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir.1987). Defendants have failed to demonstrate that their actions were taken in good faith or were predicated on reasonable grounds. Therefore, liquidated damages shall be awarded in this case.

Plaintiff also claims entitlement to three years of back wages based on Defendants' willful and/or reckless disregard for the requirements of the FLSA.  A violation of the FLSA is "willful" if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-35 (1988). Here, the record evidence demonstrates that Defendants were aware of their obligation to pay Plaintiff overtime as they had previously paid him overtime, and then stopped.  When Plaintiff complained about not receiving overtime, he was told he was lucky to have a job and if he didn't like working overtime, he could find another job.  Based on this unrefuted evidence, the Court finds that Plaintiff is entitled to three years back wages as opposed to two years. 29 U.S.C.  §

255(a); see Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008).

Accordingly, Plaintiff has met his burden of proving by a preponderance of the evidence his claims against Defendants for violation of the overtime provisions of the FLSA. 29 U.S.C. § 207(a)(1). Based on the undisputed facts culled from Plaintiff's affidavit, Complaint and Defendants' Answer, and the undisputed facts set forth in Plaintiff's summary judgment motion deemed admitted under Local Rule 7.5(d), Plaintiff has met his burden and is entitled to summary judgment against Defendants. As such, for the reasons discussed herein, the Court finds Defendants violated FLSA's overtime provisions and Plaintiff is entitled to unpaid compensation, liquidated damages and reasonable attorney's fees and costs.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (DE 27) is **GRANTED**. **Within 20 days of the date of entry of this Order**, Plaintiff shall submit a proposed judgment setting forth the amount of damages Plaintiff claims to be to entitled and a supporting document detailing how the damage amount was calculated. Both the proposed judgment and the supporting document must be based upon Plaintiff's affidavit.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of December, 2010.

_____
KENNETH A. MARRA
United States District Judge